IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| v. | § | 1:10cv49HSO-RHW |
| | § | 1:08cr91HSO-RHW |
| | § | |
| SEABRON M. MILLENDER | § | |

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DISMISSING IN PART WITHOUT PREJUDICE DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. § 2255**

BEFORE THE COURT is the Motion [112] of Defendant, Seabron Mackundra Millender ["Millender"], to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed February 12, 2010, pursuant to Title 28, United States Code, Section 2255 [112-1]. The Government has filed a Response [117] and Millender filed a Reply [118-1]. Defendant seeks to set aside his April 9, 2009, Judgment of Conviction for conspiracy to possess with intent to distribute a controlled substance. After due consideration of the issues presented, the record, and the relevant legal authorities, the Court is of the opinion that the Motion [112-1] should be granted in part and denied in part.

I. FACTS AND PROCEDURAL HISTORY

Millender was charged in one of four counts contained in an Indictment [19]. Specifically, Count 1 alleged that in or about November 2006, and continuing

through the date of the Indictment, Millender and four other Defendants knowingly and willfully conspired and agreed with each other and with others known and unknown to the Grand Jury to knowingly and intentionally possess with intent to distribute more than 50 kilograms of a mixture or substance containing a detectable amount of marijuana, a Schedule I(c) non-narcotic drug controlled substance, as prohibited by 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846. The Indictment included a Notice of Forfeiture, pursuant to 21 U.S.C. § 853(p). *See id.* at pp. 4-5.

On October 27, 2008, Defendant entered into a written plea agreement with the Government. Pursuant to the Plea Agreement, on October 27, 2008, Defendant entered a plea of guilty to one count of possession with intent to distribute a controlled substance. Millender was represented by retained counsel, Eldridge Suggs, IV. On April 3, 2009, the Court sentenced Defendant to 240 months imprisonment for the possession offense. In addition, Defendant was sentenced to a three year term of supervised release, a $3000.00 fine, and a mandatory special assessment in the amount of $100.00. The Judgment of Conviction was executed and filed on April 9, 2009. Defendant did not appeal.[1] On June 2, 2009, the Court, upon the Government's Motion, ordered Millender's sentence reduced to 168 months.

---

[1] Pursuant to the written Plea Agreement, Millender waived his right of appeal and his right to contest his conviction and sentence through post-conviction collateral attack. *See* Memorandum of Understanding, ¶ 12(a) and (b) at p. 4.

Millender filed his Motion to Vacate pursuant to 28 U.S.C. § 2255 on June 11, 2009 [26-1], asserting the following as error:

I. Counsel failed to file a Notice of Appeal
II. Improper Application of Sentencing Guideline Enhancements
III. Conviction Obtained in Violation of Due Process
IV. Conviction Obtained in Violation of the Confrontation Clause
V. Breach of the Acceptance of Responsibility Agreement

§ 2255 Petition at pp. 4-9.

As part of his guilty plea and his Plea Agreement with the Government, Millender specifically waived his right to seek post-conviction relief in this case, including a Motion brought under 28 U.S.C. § 2255. *See* Plea Agreement, at ¶ 15. In its Response, the Government seeks to enforce this waiver provision in the Plea Agreement. *See* Govt.'s Resp. at p. 3

## II. DISCUSSION

### A. Legal Standard

There are four separate grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255; *see United States v. Cates,* 952 F.2d 149, 151 (5th Cir. 1992). "[O]n collateral attack, a defendant is limited to alleging errors of a 'constitutional or jurisdictional magnitude.'" *United States v. Samuels,* 59 F.3d 526,

528 (5th Cir. 1995)(*quoting United States v. Shaid,* 937 F.2d 228, 232 (5th Cir. 1991)).  Relief under § 2255 is therefore reserved for violations of constitutional rights and for a narrow range of injuries which could not have been raised on direct appeal and, if condoned, would result in a complete miscarriage of justice.  *United States v. Vaughn,* 955 F.2d 367, 368 (5th Cir. 1992).

As part of his negotiated Plea Agreement, Millender waived his right to appeal the sentence or the manner in which it was imposed.  In addition, he waived his right to contest the sentence in a post-conviction proceeding or by §2255 motion.  The Memorandum of Understanding states in relevant part as follows:

> Defendant, knowing and understanding all of the matters aforesaid, including the maximum possible penalty that could be imposed, and being advised of his rights to remain silent, to trial by jury, to subpoena witnesses on his own behalf, to confront the witnesses against him, and to appeal the conviction and sentence, in exchange for the recommendations and concessions made by the U.S. Attorney's Office in this plea agreement hereby expressly waives the above rights and the following:
>
> > a. the right to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in Title 18, United States Code, Section 3742, or on any ground whatsoever, and
> >
> > b.  the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255, and any type of proceeding claiming double jeopardy or excessive penalty as a result of any forfeiture ordered or to be ordered in this case. . . .

Plea Agreement (Ct. Rec. Doc. 79) at ¶ 15.

Millender did not appeal his conviction or sentence. In his § 2255 Motion, however, he asserts that this failure was due to ineffective assistance of counsel:

> Once the objections were raised in the District Court, counsel informed the movant that he would file an Appeal, but nine days after the imposition of the sentence, counsel told me that he would need another $15,000 to handle the Direct Appeal, but failed to file the Notice of Appeal.

Mot. to Vacate at p. 4.

The Government's Response raises the affirmative defense of waiver. With respect to Millender's alleged lack of understanding as to his counsel filing a Notice of Appeal, the Government does not oppose Millender being permitted to pursue an out-of-time appeal.

> …the plea agreement remains enforceable notwithstanding Millender's claims of ineffective assistance of counsel in the proceedings before this Court. However, based on concerns about Millender's understanding about his counsel's intention to appeal, the Government does not oppose granting the Defendant an out-of-time appeal. Otherwise, the Section 2255 Motion should be denied.

Gov't. Resp. at p. 3.

**B.    Alleged Ineffective Assistance of Counsel**

While Millender does not appear to contest the voluntariness of his plea tendered to the Court, he takes issue with his counsel's alleged deficient performance. Millender's ineffective assistance claim relates to an alleged failure, on the part of his counsel, to timely file and represent Millender on an appeal to the Fifth Circuit Court of Appeals. *See* Mem. in Support of Mot. to Vacate [113-1] at p. 9.

Millender asserts that his attorney

> failed to file a timely Notice of Appeal. Counsel never advised the movant about the advantages nor the disadvantages of taking an appeal. Once the sentence was imposed, and the movant's case wasn't advocated as promised, he made it known to counsel that he was dissatisfied, and wanted to appeal the sentence. Counsel promised to appeal the case, but later came and asked for an additional sum of $15,000.00, but yet still, failed to file the Notice of Appeal.

Mem. in Support of Mot. to Vacate, at pp. 15-16.

Although a guilty plea generally waives all non-jurisdictional defects, including an ineffective assistance claim, Millender may raise an ineffective assistance claim to the extent that it affected the voluntariness of his plea. *See United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008). The Fifth Circuit has held that, "an ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself." *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002).

> Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

*Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quotation omitted).

The Fifth Circuit has held that a lawyer's failure to file a notice of appeal when requested is *per se* ineffective assistance of counsel. This is true even when the right to appeal and collateral review has been waived. *United States v. Tapp*, 491 F.3d 263, 265 (5th Cir. 2007).

> In such circumstances, if the petitioner is able to demonstrate by a preponderance of the evidence that he requested an appeal, prejudice will be presumed and the petitioner will be entitled to file an out-of-time appeal, regardless of whether he is able to identify any arguably meritorious grounds for appeal that would not be precluded by the terms of his appeal waiver.

*Id.* at 266.

The transcript of the sentencing proceedings in this case reveals that Millender's counsel announced in open court, "we just reserve all objections and we will be filing a motion to appeal." Ex.1 to Govt.'s Resp. It is apparent to this Court that while counsel announced that he intended to file an appeal, he ultimately failed to do so. Therefore, this Court is persuaded that Petitioner has demonstrated by a preponderance of the evidence that he wished to pursue an appeal. Furthermore, prejudice must be presumed, and Millender will be entitled to file an out-of-time appeal, regardless of whether he is able to identify any arguably meritorious grounds for appeal that would not be precluded by the terms of his appeal waiver. *Id.* at 266.

Pursuant to the directive in *United States v. West*, 240 F.3d 456 (5th Cir. 2001), Millender's remaining claims will be dismissed without prejudice. Should Millender elect to reassert these claims, or others, he may do so by way of a new § 2255 motion after his appeal is concluded. Accordingly,

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion of Defendant, Seabron Mackunder Millender, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, filed February 12, 2010,

[112-1], should be and hereby is **GRANTED** to the extent that he is entitled to file an out-of-time appeal, and **DISMISSED WITHOUT PREJUDICE** in all other respects.

**SO ORDERED AND ADJUDGED**, this the 9th day of December, 2010.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE