IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | 1:08cr91-HSO-RHW-4 |
| SEABRON MACKUNDRA MILLENDER | § § § | |

**ORDER DENYING DEFENDANT SEABRON MACKUNDRA MILLENDER'S [161] MOTION FOR POST CONVICTION WRIT OF HABEAS CORPUS SEEKING COURT TO OVERTURN FIREARM ENHANCEMENT**

BEFORE THE COURT is the Motion for Post Conviction Writ of Habeas Corpus Seeking Court to Overturn Firearm Enhancement [161] filed by Defendant Seabron Mackundra Millender. The Court finds that this Motion is properly construed as a Motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255. Having conducted a preliminary review of this Motion in accordance with Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("Section 2255 Rules"), the Court finds that this Motion [161] should be denied.

I. BACKGROUND

On October 27, 2008, Defendant Seabron Mackundra Millender ("Defendant" or "Millender") pled guilty to Count 1 of the Indictment [19], which charged that Millender and his co-Defendants

> did knowingly and willfully conspire and agree with each other and with others known and unknown to the Grand Jury, to knowingly and intentionally possess with intent to distribute more than 50 kilograms of a mixture or substance containing a detectable amount of marijuana, a

> Schedule I(c) non-narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code.
> All in violation of Section 846, Title 21, United States Code.

Indictment [19] at 1.  In the Judgment [100] entered on April 9, 2009, the Court committed Millender to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 240 months and sentenced Millender, upon release from imprisonment, to a three-year term of supervised release.  J. [100] at 2–3.

On February 12, 2010, Millender filed a Motion to Vacate [112] pursuant to 28 U.S.C. § 2255.  On December 9, 2010, the Court entered a Memorandum Opinion and Order [129] granting in part and dismissing in part without prejudice Millender's Motion to Vacate [112].  Millender filed a Notice of Appeal [131] of the Court's Judgment [100] on December 20, 2010.  The Court entered a Text Order on July 6, 2011, reinstating the Judgment [100] as of that date, so that any notice of appeal from the Judgment [100] would be considered timely by the United States Court of Appeals for the Fifth Circuit.

The Fifth Circuit concluded that Millender's ineffective assistance claim raised on direct appeal could not be determined on the record then before the Court. In an opinion filed on March 26, 2013, the Fifth Circuit declined to address that ineffective assistance claim and affirmed the Judgment of this Court.  Op. [152] at 1-2.  However, the Fifth Circuit held that its decision not to address Millender's ineffective assistance claim "is without prejudice to Millender raising his claims again in a timely § 2255 proceeding."  *Id.* at 2.

Millender then filed the present Motion for Post Conviction Writ of Habeas

Corpus Seeking Court to Overturn Firearm Enhancement [161]. Millender executed the Certificate of Service on October 1, 2014. Mot. [161] at 3. However, the Motion was not received and filed by the Clerk of Court until December 1, 2014. *Id.* at 1.

## II. DISCUSSION

Based on the relief sought, the Court construes Millender's Motion [161] as one brought to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255. While the Motion is not in the proper form required by Rule 2 of the Section 2255 Rules, the Court has nevertheless conducted a preliminary review of the Motion pursuant to Rule 4(b) of Section 2255 Rules.

Even considering the earlier October 1, 2014, executed date as the filing date for this Motion, Millender's § 2255 Motion is plainly untimely pursuant to 28 U.S.C. § 2255(f). Additionally, "[r]eview under § 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude." *United States v. Scruggs*, 691 F.3d 660, 666 (5th Cir. 2012). Millender presents no such question of constitutional or jurisdictional magnitude in his Motion [161]. Moreover, a plain review of Millender's arguments and attached exhibits, which appear to relate to 18 U.S.C. § 922(g), are without merit, as Millender was not charged or convicted of that crime in this criminal case. A preliminary review of Millender's Motion [161] and attached exhibits demonstrate that Millender is not entitled to relief. Millender's Motion [161] will therefore be summarily denied in accordance with Rule 4(b) of the Section 2255 Rules.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED,** that the Motion for Post Conviction Writ of Habeas Corpus Seeking Court to Overturn Firearm Enhancement [161] filed by Defendant Seabron Mackundra Millender is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 8th day of December, 2014.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE